ERNEST W. MICHELFELDER *vs.* ABRAHAM D. GOLDBERG ET AL.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

In an action to vacate a bill of sale of certain theatre equipment made by the defendant F to the plaintiff and to recover the price paid, the plaintiff's allegation in his first count, that he had been fraudulently induced to believe that the property belonged absolutely to F, was not substantiated by the evidence, from which it appeared that oral and written statements of F, as well as the bill of sale itself, consistently described F's interest as that of an unpaid creditor of the owner in possession of the property, and further that the plaintiff had taken and kept possession for

eleven days after he claimed to have discovered the alleged fraud.

In the second count of the complaint, the plaintiff claimed a cancellation of a lease of the theatre building on the ground that he had been induced to execute it by the fraudulent representations of the defendant G, that an earlier lease to a tenant in default was not outstanding. *Held* that this allegation of fraud was negatived by the terms of the plaintiff's lease, the operation of which was expressly made contingent upon the termination of the prior lease within the time limited by a decree of court.

The trial court directed a verdict for the defendant on the second count, and set aside a verdict for the plaintiff on the first count. *Held* that the trial court did not err.

Argued May 6th—decided September 19th, 1925.

ACTION in two counts claiming rescission of a sale of certain theatre equipment and of a lease of the theatre, alleged to have been induced by the fraudulent representations of the defendants, brought to the Superior Court in Hartford County and tried to the jury before *Wolfe, J.;* the court directed a verdict for the defendants on the second count and set aside a verdict rendered by the jury for the plaintiff on the first count, and the plaintiff appealed. *No error.*

*John A. Danaher,* for the appellant (plaintiff).

*John J. Dwyer,* for the appellee (defendant Abraham D. Goldberg).

*Nathan A. Schatz* and *Louis M. Schatz,* filed a brief for the appellee (defendant Charles Finberg).

BEACH, J.  The fraud alleged in the first count is that the defendants, Goldberg and Finberg, by false and fraudulent representations induced the plaintiff to believe that Finberg owned the equipment and machinery contained in the Grand Theatre in Hartford, and induced the plaintiff to pay Finberg, on February 7th, 1923, $2,000 in cash and $1,000 in notes for a bill

of sale of the same. Plaintiff alleges that on learning that Finberg was not the owner of the equipment and machinery, he repudiated the sale, surrendered possession of the goods, and demanded back the purchase price, no part of which has been repaid.

The undisputed evidence is that the plaintiff was informed that the theatre had been operated by the Hartford Grand Theatre Company under a lease from defendant Goldberg to one Spiegel and by him assigned to the corporate lessee, and that the defendant Finberg had acted as the agent and representative of that corporation up to December, 1922, and was still operating the theatre either on his own account or as such agent, when the plaintiff opened negotiations for the purchase of the equipment and the lease of the theatre. Plaintiff's testimony in support of the allegation that Finberg represented himself to be the owner of the equipment is as follows: "Will you tell the jury what Mr. Finberg said about the equipment at that time? A. Mr. Finberg said that he owned the equipment because the Hartford Grand Theatre Company owes him a lot of money, and for that reason he owns the equipment." That is not an assertion of absolute ownership by Finberg. Taken in connection with the plaintiff's knowledge that the Hartford Theatre Company had leased and operated the theatre up to December and that Finberg had acted as the local representative of that corporation, Finberg's statement plainly conveys the information that the legal title to the equipment was in the corporation, and that Finberg claimed a proprietary interest equivalent to ownership because he was a creditor of the legal owner in possession of the equipment. The plaintiff was also so informed by the terms of the bill of sale of February 7th. The thing sold by Finberg is not otherwise described in the bill of sale than as "all of my right, title and interest in

and to the equipment and machinery now located at the Grand Theatre at No. 1089 Main Street, Hartford." The habendum clause refers back to this description by the words "to have and to hold the same," etc.; and the warranty is to "warrant and defend the said goods to him, the said Michelfelder," etc., "against all persons whatever, as per my interest aforementioned." Plaintiff testified that he knew the contents of the bill of sale when he accepted it. The document also includes an agreement that Finberg will not "either as representative for the Hartford Theatre Corporation or as an individual pay any rent to the lessors." Plaintiff's brother testified that this last quoted clause was inserted because the plaintiff was to take possession of the theatre and equipment on February 11th, although the term of the plaintiff's written lease from Goldberg did not commence until March 1st, and "otherwise he [Finberg] could go above our heads and pay the rent also and we would probably have been left out in the cold, because he was actually in possession, and Goldberg would probably have recognized him to that effect." We refer to this testimony because it shows that the plaintiff's negotiations with Finberg were conducted with a degree of caution which makes it highly improbable that the plaintiff could have interpreted Finberg's representation already quoted as an assertion of absolute ownership of the equipment, or could have interpreted the bill of sale as a conveyance of anything more than Finberg's interest therein. There is no evidence that Finberg did not own and sell to the plaintiff a valuable and enforceable interest in the equipment. On the other hand, there is uncontradicted evidence that Finberg had operated the theatre for five years as representative of the corporate lessee; that before December, 1922, he had sometimes paid the rent by

his personal checks; that the corporation was in default under the lease in December, and that Finberg had paid the rent for December and January.

Plaintiff and his brother testified that Finberg told them he had operated the theatre as representative of the corporate lessee up to December, 1922, but said that since then he had operated it on his own account and as tenant. This is assumed in argument to be equivalent to an assertion on his part that since December he had been the absolute owner of the equipment. In that connection plaintiff testified that between February 7th, when the bill of sale was executed, and February 11th, when the plaintiff was to take possession of the theatre, he learned that third parties were attempting to collect unpaid bills for some items of the equipment; that Finberg refused to pay these bills, on the ground that he had at all times operated the theatre as representative of the corporate lessee and not on his own account, and that at plaintiff's request Finberg, on February 10th, signed a written statement to that effect. This statement is relied on as proof of the falsity of Finberg's alleged representation that he owned the equipment. It is, however, entirely consistent with Finberg's original representation as testified to by the plaintiff, and with the terms of the bill of sale.

It further appears that, having procured this claimed written proof of the falsity of Finberg's alleged representation that he owned the equipment, the plaintiff, instead of repudiating the sale, took possession of the theatre and equipment on the following day and operated the theatre for eleven days, when he returned the keys to Goldberg, claiming there was something wrong with the lease.

Independently of the weight to which the action of a trial judge in setting aside a verdict is entitled, our

own examination of the plaintiff's testimony leads us to the conclusion that the verdict for the plaintiff on the first count was against the evidence.

The remaining question is whether the court erred in directing a verdict for the defendant Goldberg on the second count. The fraud alleged in the second count is that Goldberg falsely represented to the plaintiff that the lease of the theatre to the Hartford Theatre Corporation had been defaulted, and that the plaintiff, relying on the truth of that statement, entered into a written lease of the theatre dated February 7th, 1923, and paid Goldberg certain sums of money as rent and security for rent, and for use and occupation from February 10th to February 28th, 1923, believing that no lease was outstanding; when, in fact, the lease to the Hartford Theatre Company was outstanding and in force, and the plaintiff was at all times liable to be ousted in ejectment or summary process actions. It is further alleged that on learning the truth, the plaintiff rescinded the lease into which he had been fraudulently induced to enter, and demanded back the sums of money paid, no part of which has been returned.

The futility of these allegations of fraud is apparent on the face of the lease which the plaintiff entered into. It contains the following clause, placed there, according to the plaintiff's own testimony, in his presence and with his knowledge and acquiescence: "This lease is expressly made subject to the termination of a lease existing between Isidor E. Goldberg, Abraham D. Goldberg, Michael C. Goldberg and Max Spiegel, which lease is dated January 23, 1914, and is recorded in Hartford Land Records, volume — page —. In the event that said lease shall not be terminated by judgment of court within a period of three months from this day, then this lease shall be null and

void, and of no effect, and all moneys paid in escrow shall be returned and the parties released from liability to each other."

Since the undisputed fact is that the lease to Spiegel above mentioned was by him assigned to the Hartford Theatre Company, and is the same lease the continued existence of which is alleged to have been fraudulently concealed from the plaintiff, the falsity of the plaintiff's allegations of fraud in the second count is established by this writing over the plaintiff's signature, which shows that he did know that the Hartford Theatre lease was outstanding and took care to protect himself by requiring that it should be terminated by decree of court within three months. On this state of the proofs the trial court could not do otherwise than direct a verdict for the defendant on the second count.

There is no error.

In this opinion the other judges concurred.